IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUCILA PARAMO, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ASPIRA BILINGUAL CYBER | : | |
| CHARTER SCHOOL, et al., | : | No. 17-3863 |
| Defendants. | : | |

### MEMORANDUM

Schiller, J.                                                                                           September 21, 2018

Lucila Paramo, a former employee of ASPIRA Bilingual Cyber Charter School and ASPIRA Inc. (collectively, "ASPIRA"), claims that she was fired in retaliation for helping a coworker file an internal sexual harassment complaint against the CEO. Before the Court are ASPIRA's motions to quash three subpoenas served by Paramo. The subpoenas seek discovery from individuals whom Paramo believes have information about the alleged harassment underlying this case as well as past incidents of harassment and retaliation at ASPIRA. For the reasons discussed below, ASPIRA's motions are denied.

I.   **BACKGROUND**

Paramo worked for ASPIRA from August 2011 to June 2015. (Compl. ¶ 11.) In November 2014, she helped a coworker, Jimena Alzate, file an internal sexual harassment complaint against the company's CEO, Alfredo Calderon. (*Id.* ¶ 12.) Paramo claims that ASPIRA retaliated against her and ultimately fired her based on that assistance. (*Id.* ¶¶ 13–19.) She filed the instant complaint alleging that ASPIRA's retaliatory actions violated Title VII and state law. (*Id.* ¶¶ 1–2.)

1

In late June 2018, Paramo notified ASPIRA of her intent to serve subpoenas on Patricia Pierce and Brendan Burke. (Defs.' Br. in Supp. of Mot. to Quash Pl.'s Subpoenas ["Mot. to Quash I"] at 2–3.) Pierce served as counsel for Evelyn Nuñez, another ASPIRA employee who sued the company in 2013 alleging similar harassment and retaliation claims against Calderon and the company. (Mot. to Quash I at 2; Pl.'s Mem. of Law in Opp'n to Mot. to Quash I ["Pl.'s Resp. I"] at 1 n.1.) Burke was counsel for National Union Fire Insurance Company, ASPIRA's insurer, on a case against ASPIRA alleging that it failed to pay insurance deductibles related to the settlement of the Nuñez action. (Mot. to Quash I at 3.) Both the Pierce and Burke subpoenas sought the lawyers' entire files from their respective cases against ASPIRA, excluding— importantly—attorney-client privileged communications, work product, and any confidential settlement agreements. (Pl.'s Resp. I at 1–2.)

In July 2018, Paramo notified ASPIRA of her intent to serve a subpoena on Linda Field. (Defs.' Br. in Supp. of Mot. to Quash Pl.'s Subpoena of Linda Field ["Mot. to Quash II"] at 2.) Field is an independent investigator hired by ASPIRA to investigate the sexual harassment complaint that Paramo filed for Alzate. (*Id.*) ASPIRA already produced Field's final report to Paramo, but Paramo's subpoena seeks to compel Field to appear for a deposition and to produce documents such as her investigation files, resume, and background information. (*Id.* at 3.)

ASPIRA moved to quash all of the subpoenas.

## II. ASPIRA'S MOTIONS TO QUASH

### A. Standing to Challenge Subpoenas

Generally, a party does not have standing to quash a subpoena served on a third party. *Kida v. EcoWater Sys. Inc.*, Civ. A. No. 10-4319, 2011 WL 1883194, at *2 (E.D. Pa. May 17, 2011). There is, however, an exception to this rule: a party may move to quash if it claims a

"personal right or privilege" with respect to the subject matter of the subpoena. *Id.* A party seeking to quash may have standing based on its relationship to the subpoena recipient or its interest in the documents sought. *Id.* (collecting cases).

Here, ASPIRA claims a personal right or privilege with respect to each of the subpoenas. Since all the subpoenas involve arguably confidential information related to lawsuits ASPIRA is or was a party to, the Court agrees that ASPIRA has standing.

### B. Legal Standard for Motions to Quash

Courts use a burden-shifting framework to analyze motions to quash. *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016). First, the subpoenaing party must show that its request falls within the scope of Rule 26. *Id.* Thus, a party may use a subpoena only to seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

If the subpoenaing party meets its burden, "the burden shifts to the party opposing the subpoena to establish that Rule 45(d)(3) provides a basis to quash the subpoena." *Green*, 314 F.R.D. at 169. Rule 45 requires courts to quash a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond [certain geographical limits]; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "The burden of the party opposing the subpoena is particularly heavy to support a motion to quash as contrasted to some more limited protection such as a protective order." *Green*, 314 F.R.D. at 170.

### C. Relevance under Rule 26

ASPIRA argues that each subpoena seeks information that is irrelevant to Paramo's case. "Relevance is construed broadly to encompass any matter that bears on, or that reasonably could

lead to other matter that could bear on, any issue that is or may be in the case." *Green*, 314 F.R.D. at 171. Information need not be admissible to be relevant and discoverable. *Id.*

### 1. The Pierce and Burke Subpoenas

Paramo's complaint asserts retaliation claims against ASPIRA. Past incidents of alleged retaliation by ASPIRA and alleged harassment by ASPIRA's agents are clearly relevant to Paramo's current claims against it. *See Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1086 (3d Cir. 1996) (noting that "[e]vidence of discrimination against other employees or of a hostile work environment is relevant" to employer's motive); *see also Jimmy v. Elwyn, Inc.*, Civ. A. No. 11-7858, 2014 WL 630605, at *6 (E.D. Pa. Feb. 18, 2014) (explaining that impermissible discrimination of other employees can support an inference of impermissible discrimination). At the very least, as Paramo notes, the discovery sought through these subpoenas is likely to shed light on ASPIRA's alleged history of retaliating against individuals who bring harassment complaints. Thus, the Pierce and Burke subpoenas cannot be quashed on the basis of relevance.

### 2. The Field Subpoena

ASPIRA argues that the information sought from Field is irrelevant because ASPIRA does not dispute that Paramo assisted with Alzate's complaint. The details of Field's investigation into Alzate's underlying internal complaint, ASPIRA argues, are not relevant to the question of whether ASPIRA retaliated against Paramo for helping with the complaint.

However, Paramo claims that this information is potentially relevant. Specifically, Paramo claims that witnesses who have been deposed in this case have said they feared speaking freely during the Field investigation because they feared retaliation by the company. (Pl.'s Mem. of Law in Opp'n to Mot. to Quash II ["Pl.'s Resp. II"] at 5.) According to Paramo, "[i]t is entirely relevant to the instant matter whether Ms. Field subsequently interviewed ASPIRA

employees about whether they feared retaliation and, if so, why that was the case." (*Id.* at 6.) The Court agrees. Thus, the Field subpoena cannot be quashed for lack of relevance.

### D. Privileged or Protected Information under Rule 45

ASPIRA argues that the Pierce and Field subpoenas should be quashed because they seek privileged or protected information.[1] But the subpoenas do not request privileged communications, work product, and confidential settlements; in fact, the subpoenas specifically exclude that information. *See Davis v. General Accident Ins. Co. of Am.*, Civ. A. No. 98-4736, 1999 WL 228944, at *4 (E.D. Pa. Apr. 15, 1999) (noting that a subpoena requesting non-privileged records, "by definition, . . . does not raise any privilege concerns"). Moreover, ASPIRA fails to demonstrate other legitimate bases of protection for the subpoenaed materials. Therefore, the Court will not quash the subpoenas as seeking privileged or other protected information.

#### 1. The Pierce Subpoena

ASPIRA argues that the Pierce subpoena seeks protected information because the parties in that case—ASPIRA and Nuñez—reached a confidential settlement agreement. This argument fails. "An agreement between two parties to keep materials confidential cannot block the disclosure of those materials to third parties in discovery." *Green*, 314 F.R.D. at 170. Thus, the Pierce subpoena cannot be quashed as seeking privileged or protected information.

#### 2. The Field Subpoena

ASPIRA argues that enforcing the Field subpoena would cause substantial harm because it risks disclosure of confidential internal investigation files. (Mot. to Quash II at 8.) This argument, in essence, goes to the "privileged or protected" prong of Rule 45(d)(3)(A). It fails.

---

[1] ASPIRA does not, however, assert that any specific privilege, protected right, or confidentiality interest will be compromised by responding to the Burke subpoena.

5

Confidentiality may be important to an internal investigation, but it does not outweigh Paramo's interest in building her case in federal court.

Again, the subpoena specifically excludes privileged communications and work product from its request. Even if it did not, ASPIRA does not claim that the private investigator operated at the direction of an attorney or in anticipation of litigation. *See U.S. Dep't of Educ. v. Nat'l Collegiate Athletic Ass'n*, 481 F.3d 936, 938 (7th Cir. 2007) ("[T]here is no private-investigator's privilege. The lawyer-client privilege can embrace a lawyer's agents (including an investigator), for example when the client in the first instance consults a lawyer who retains an accountant as a listening post. . . . But there is nothing like that in this case."). Therefore, ASPIRA cannot quash the Field subpoena as seeking privileged or otherwise protected information.

### E. Undue Burden under Rule 45

ASPIRA also cannot have the subpoenas quashed under the undue burden prong of Rule 45. "Even if a defendant has standing generally to quash a subpoena, [it] still lacks standing to challenge a third-party subpoena based on undue burden [when] it is the third-party that faces the burden of production and not the defendant." *Green*, 314 F.R.D. at 173. Because none of the subpoenas at issue were directed at ASPIRA, it cannot challenge the subpoenas on this basis.

### III. ASPIRA'S MOTIONS FOR PROTECTIVE ORDERS

Rule 26(c) allows courts to issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A party must show good cause for the Court to issue a protective order. *Id.* "'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury." *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

Here, ASPIRA has not demonstrated a clearly defined and serious injury. Although the standard for issuing a protective order is lower than that for quashing a subpoena, *cf. Green*, 314 F.R.D. at 170, the Court does not see reasons justifying a protective order other than the rejected arguments in favor of quashing. ASPIRA's other arguments are unavailing. ASPIRA also argues that time and resources are wasted by defending against the subpoenaed information. The Court disagrees. Disclosing relevant, unprotected material will not waste resources. Moreover, the conclusory statements about ASPIRA's and Calderon's embarrassment do not satisfy the good cause test. *See Glenmede Tr. Co.*, at 483 (noting that good cause cannot be established by "[b]road allegations of harm, unsubstantiated by specific examples"). Therefore, a protective order should not issue.

## IV. CONCLUSION

For the reasons discussed above, ASPIRA's motions to quash and for protective orders are denied. An Order consistent with this Memorandum will be docketed separately.